IN THE UNITED STATES DISTRICT
COURT FOR THE MIDDLE DISTRICT
OF FLORIDA, TAMPA DIVISION

| | |
|---|---|
| IVONNE COTTO AND JOCELINE IVETTE COTTO, | CIVIL ACTION |
| Plaintiffs, | CASE NO: 25-698 |
| v. | 10th Judicial Circuit Court, in and for Polk County, Florida |
| AMERICAN STRATEGIC INSURANCE CORP., | CASE NO: 2025CA000286000000 |
| Defendant. _____/ | |

## PETITION FOR REMOVAL

Defendant, American Strategic Insurance Corp. (hereinafter "Defendant"), by and through its undersigned counsel and pursuant to 28 U.S.C. §§1332, 1441 and 1446, gives notice of removal of the above-captioned action, Case Number 532025CA000286000000, pending in the Circuit Court of the Tenth Judicial Circuit in and for Polk County, Florida, and hereby removes this action to the United States District Court for the Middle District of Florida – Tampa Division. In support of this Notice of Removal, Defendant states as follows:

1.  On or about February 04, 2025, Plaintiffs, Ivonne Cotto and Joceline Ivette Cotto (hereinafter "Plaintiff"), filed a Summons and Complaint for Breach of Insurance Contract styled as *Ivonne Cotto and Joceline v. American Strategic Insurance*

*Corp.*, in the Circuit Court of the Tenth Judicial Circuit in and for Polk County, Florida, bearing Case Number 532025CA000286000000. *See* Summons and Complaint, attached to this filing along with all State Court filings.

2. American Strategic Insurance Corp., the sole defendant named in the Complaint, was served with Plaintiff's Summons and Complaint on or about February 20, 2025. *See* Notice of Service of Process, attached to this filing along with all State Court filings.

3. The United States District Court for the Middle District of Florida is the Court embracing the place wherein such action is pending in state court.

4. This removal has been timely filed within one year after commencement of the action and within 30 days after Defendant received service of Plaintiffs' Complaint.

5. This Court has jurisdiction over this matter, and it is properly removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 in that it is a civil action in which the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

6. Pursuant to 28 U.S.C. § 1446 (a), a copy of all pleadings filed in the record of the State Court action are attached to this filing along with a copy of the docket.

CASE NO:

7. For the purposes of diversity of citizenship under 28 U.S.C. § 1332(c), Plaintiffs, *Ivonne Cotto and Joceline Ivette Cotto*, is a citizen of the State of Florida, domiciled in Polk County, Florida. *See* Parcel ID Number # 27-27-08-727507-003000 for the property address of 113 LUDISIA LOOP DAVENPORT, FL 33837-3661, from the Polk County Property Appraiser's website, noting Plaintiffs as the owners of said property with a Homestead Exemption, attached hereto.

8. Defendant is an Indiana Corporation, with its statutory office and main administrative office at 111 Congressional Blvd., Suite 150, Carmel, IN 46032, and, thus, is a citizen of Indiana and has no principal place of business in Florida.

9. This action is properly removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441, in that all properly joined and served parties are of diverse citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

10. Plaintiff has brought a one count breach of contract claim against Defendant.

11. Plaintiff alleges that Defendant issued a homeowners' property insurance policy, policy number FLA415081 ("Policy") to the Plaintiff to insure certain real property located at 113 LUDISIA LOOP DAVENPORT, FL 33837-3661 ("Property"). (Plaintiffs' Complaint at ¶ 5).

CASE NO:

12. Plaintiff alleges that Defendant breached the Policy of insurance, stating: "[t]hat as a result of Defendant's breach of contract, Plaintiffs sustained damage to the insured property." (Plaintiffs' Complaint at ¶ 17).

13. As Plaintiffs' Complaint does not plead a specific amount of damages, Defendant may present evidence that proves by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement. *Stern v. First Liberty Ins. Corp.*, 424 F. Supp. 3d 1264, 1269 (S.D. Fla, January 24, 2020); *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2018); *Koppey v. Liberty Mut. Fire Ins. Co.*, 2020 U.S. Dis. LEXIS 189766 (S.D. Fla., October 13, 2020).

14. As permitted under Florida law, Defendant bases its belief that the amount in controversy exceeds $75,000.00 on Plaintiffs' Notice of Intent to Initiate Litigation attached to the Complaint wherein Plaintiff cites to their pre-suit demand as totaling $104,579.00 of which the damages excluding fees and costs total $99,467.00. The Complaint and exhibits thereto have been attached with this filing along with all State Court records.

15. Defendant denies owing any amount for Plaintiff's claim and therefore, it appears a reasonable probability that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See*, *Kotchman v. State Farm Mut. Auto. Ins. Co.*, 2015 U.S. Dist. LEXIS 153918 (M.D. Fla. 2015) (district courts are

CASE NO:

permitted to make "reasonable deductions" and "reasonable inferences" in determining whether the case meets federal jurisdictional requirements).

16. The facts related to the federal court's jurisdiction over this matter were true at the time Plaintiff filed his Complaint and are true presently.

17. Pursuant to 28 U.S.C. § 1446(d), Plaintiffs are being provided with a copy of this Notice of Removal and a copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of the Tenth Judicial Circuit in and for Polk County, Florida.

18. Pursuant to Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel hereby certifies they have read the foregoing Notice of Removal, to the best of their knowledge, information, and belief formed after reasonable inquiry, it is well-grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose.

19. By filing this Notice of Removal, Defendant does not waive, and hereby reserves all defenses and objections to the Plaintiffs' Summons and Complaint including, but not limited to, failure to state a claim, lack of personal jurisdiction, improper venue and/or insufficiency of service of process.

**WHEREFORE**, the Defendant, AMERICAN STRATEGIC INSURANCE CORP., respectfully requests that the above-referenced action pending in the

CASE NO:

Circuit Court of the Tenth Judicial Circuit in and for Polk County, Florida, Case No. 532025CA000286000000, be removed from that court to the United States District Court for the Middle District of Florida – Tampa Division. This Court has jurisdiction over the dispute because all properly joined parties are completely diverse and the jurisdictional amount has been met.

Respectfully dated this 21 day of March 2025.

/s/ Ana Cuyar, Esq.

Ana Cuyar, Esq. (FBN 117147)
PGRHomeService@Progressive.com
Ana_L_Cuyar@Progressive.com

CASE NO:

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that we electronically filed a true and correct copy of the foregoing document with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel registered with the CM/ECF system and served to: Carlos Javier Camejo cj@cjlawfirmpa.com; aboquin@cjlawfirmpa.com; aboquin@cjlawfirmpa.com.

**Law Offices of Deidrie A. Buchanan**
Attorneys for Defendant
9675 NW 117th Avenue, Suite 200
Miami, FL  33178
(954) 903-6571 (Asst.)/(305) 908-9545 (Direct)
Fax: (305) 887-2781
SERVICE DESIGNATIONS:
Primary: PGRHomeService@Progressive.com
Secondary Ana_L_Cuyar@Progressive.com

/s/Ana Cuyar
By: _____
Ana L Cuyar, ESQUIRE
Florida Bar No. 117147
"All personnel in this office are salaried employees of Progressive Casualty Insurance Company, an affiliate of AMERICAN STRATEGIC INSURANCE CORPORATION."